379 A.2d 361.

Raymond Lavey, *Administrator, vs..* Edward Lavey *et ux.*

OCTOBER 31, 1977.

Present: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. A Superior Court justice, after a hearing which encompassed 8 days, found that the defendant Edward Lavey and his wife Julia were constructive trustees of $45,000 that ought to be part of the estate of Edward's elderly aunt, Catherine Lavey. Edward's brother Raymond is the administrator of his aunt's estate. In a bench decision following the conclusion of testimony, the trial justice found that during a period from 1970 to 1971 Edward obtained the $45,000 from his aunt by fraud in that he told her that the banks were going to fail and if she gave him her money, he would see that it was placed in a safe-deposit box. The money eventually ended up in either a safe-deposit box or bank accounts that stood in the joint names of Edward and his wife.

In their appeal Edward and his wife challenge plaintiff's use at trial of a blackboard, the factual findings made by the trial justice, and his denial of their motion to reopen the case after they had rested at the conclusion of plaintiff's presentation of his testimony without presenting any testimony in their behalf. They also claim that trial justice erred in denying their motion for a new trial. The defendants are before us in response to our order in which we directed them to appear before us and show cause why their appeal should not be summarily dismissed.

The blackboard was used to detail certain withdrawals made from the aunt's bank accounts during the 2-year period in question. The bank records which supplied the information detailed on the board are in evidence. Permission to use graphic aids such as a blackboard is a matter directed to the trial justice's discretion. *Goldstein* v. *Gontarz*, 364 Mass. 800, 309 N.E.2d 196 (1974). We have examined the record, considered the arguments of counsel, and find no cause has been shown. The defendants have failed to convince us that at any time the trial justice abused his discretion or overlooked or misconceived any material evidence. Insofar as their motion for a new trial is concerned, they have presented nothing at the trial or appellate level which

would indicate that the judgment entered in the Superior Court contains a "manifest error of law." *Colvin* v. *Goldenberg*, 108 R.I. 198, 207, 273 A.2d 663, 669 (1971).

Accordingly, the defendants' appeal is denied and dismissed; the judgment appealed from is affirmed; and the case is remanded to the Superior Court.

*William J. Peotrowski, Jr.,* for plaintiff.

*De Costa & Abilheira, Robert L. De Costa,* for defendants.